**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CLIVE CHRISTIAN,                                    Case No.
                                                   Circuit Court Case No. 2024-002765-CA-01
          Plaintiff,

vs.

SCOTTSDALE INSURANCE
COMPANY,

          Defendant.
_____/


**COPIES OF ALL PROCESS, PLEADINGS AND ORDERS,**
**SERVED IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,**
**MIAMI-DADE COUNTY, FLORIDA IN THE STATE PROCEEDINGS**


**EXHIBIT "A"**



**null / ALL**
**Transmittal Number: 28635680**
**Date Processed: 02/29/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>1 Nationwide Plz<br>Columbus, OH 43215-2226 |

| | |
|---|---|
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Scottsdale Insurance Company<br>Entity ID Number  3286058 |
| **Entity Served:** | Scottsdale Insurance Company |
| **Title of Action:** | Clive Christian vs. Scottsdaleinsurance Company |
| **Matter Name/ID:** | Clive Christian vs. Scottsdaleinsurance Company (15354867) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Miami-Dade County Circuit Court, FL |
| **Case/Reference No:** | 2024-002765-CA-01 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 02/29/2024 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Chief Financial Officer on 02/28/2024 |
| **How Served:** | Electronic SOP |
| Sender Information: | Schlacter Law<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT "A"**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>CLIVE CHRISTIAN</u>
Plaintiff                                                             Case # _____

                                                                       Judge  _____

vs.

<u>SCOTTSDALE INSURANCE COMPANY</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**EXHIBIT "A"**

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☒ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

**EXHIBIT "A"**

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Brett L. Schlacter          Fla. Bar # 98112
       Attorney or party                    (Bar # if attorney)

Brett L. Schlacter                02/15/2024
  (type or print name)                Date

**EXHIBIT "A"**

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CLIVE CHRISTIAN,

            Plaintiff,

vs.

                                        CIRCUIT CIVIL DIVISION

SCOTTSDALE INSURANCE                  Case No:
COMPANY,

             Defendant.

_____/

### COMPLAINT

PLAINTIFF, CLIVE CHRISTIAN, by and through the undersigned attorney sues the Defendant, SCOTTSDALE INSURANCE COMPANY, (hereinafter "Defendant") and in support thereof alleges the following:

### JURISDICTIONAL ALLEGATIONS

1.      This is an action for Breach of Contract for damages that are greater than $50,000.00, exclusive of interest, costs and attorney's fees.

2.      At all times material hereto CLIVE CHRISTIAN, (hereinafter Plaintiff), was and is the owner of property located at 12748 SW 50th Terrace Miami FL 33186.

3.      At all times material hereto, the Defendant was and is a corporation authorized to do business, maintains an office and agents in Miami-Dade County, Florida and regularly sells insurance policies to the general public in Miami-Dade County.

4.      Jurisdiction and venue are proper in Miami-Dade County, Florida.

**EXHIBIT "A"**

**GENERAL ALLEGATIONS**

5.      Prior to September 27, 2022, Defendant issued a policy of insurance to Plaintiff under Policy No.: HOS1902147, for Plaintiff's property located at 12748 SW 50th Terrace Miami FL 33186.

6.      The policy of insurance issued by Defendant included coverage for dwelling, other structures, personal property, and loss of use suffered by Plaintiff.

7.      At all times material hereto, Plaintiff's insurance policy with Defendant was in full force and effect including on September 27, 2022, the Date of Loss.

8.      Plaintiff is not in possession of a copy of the policy to attach; however, Plaintiff believes that the Defendant has a copy of said policy.

9.      Plaintiff has complied with all terms and conditions of the Policy, and all conditions precedent to the bringing of this action have been performed, waived, or excused.

10.      At all times material hereto, SCOTTSDALE INSURANCE COMPANY is not immune from liability for breach of contract pertaining to insurance coverage in accordance with Fla. Stat. §627.351(6)(s)(1) et. seq.

**COUNT I**
**BREACH OF CONTRACT**

11.      Plaintiff re-avers and re-alleges paragraphs 1 through 10 of this Complaint.

12.      On or about, September 27, 2022, Plaintiff's property was damaged by a covered loss.

13.      Plaintiff gave timely notice of the loss and resulting damage to Defendant and/or its authorized agents, employees or representatives.

14.      As a result of the loss on September 27, 2022, Plaintiff sustained damage to his property.

2

**EXHIBIT "A"**

15.    Defendant has breached the policy of insurance by failing to pay the full amount of damages sustained by Plaintiff.

16.    Defendant continues to refuse to pay the full amount of Plaintiff covered losses despite Plaintiff's demands for full payment.

17.    Plaintiff has been damaged as a result of Defendant's breach as insurance benefits are due and owing, plus interest, costs and attorney's fees and costs.

18.    Plaintiff has retained the undersigned counsel to prosecute this action and is obligated to pay the undersigned counsel a reasonable attorney's fee and costs.

19.    Plaintiff is entitled to recover reasonable attorney's fees from Defendant pursuant to F.S. 627.428.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, together with pre-judgment interest, costs and attorneys and any other relief this Court deems proper under the circumstances. Plaintiff demands trial by jury on all issues triable as of right.

**DATED** this February 15, 2024.

Respectfully Submitted,

/s/ Daniel Furmanski
**Daniel Furmanski, ESQ.**
Florida Bar No. 1030897

**BRETT L. SCHLACTER, ESQ.**
Florida Bar No. 98112

**SCHLACTER LAW**
1108 Kane Concourse, Suite 305
Bay Harbor Islands, Florida 33154
(305)  999 – 1111 (Telephone)
(305) 440 – 1354 (Facsimile)
E-mail: bls@schlacterlaw.com
E-mail: daniel@schlacterlaw.com
Email: marilyn@schlacterlaw.com
Email: service@schlacterlaw.com

3

**EXHIBIT "A"**

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CLIVE CHRISTIAN,

                    Plaintiff,

vs.

SCOTTSDALE INSURANCE
COMPANY,

                    Defendant.

_____/

CIRCUIT CIVIL DIVISION

Case No:

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT

THE PLAINTIFF, (Collectively referred to hereafter as the "Insured"), by and through the undersigned counsel hereby requests, pursuant to rule 1.350 of the Florida Rules of Civil Procedure, that DEFENDANT, (the "Insurance Company"), make available for inspection and duplication, in response to each numbered paragraph, all documents specified herein which are in its possession, custody or control or in the possession, custody or control of its agents, accountants or attorneys. Defendant is requested to make such production within the time period prescribed by the Florida Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "you", "your(s)", "yourselves", "defendant", and/or "Insurance Company" means the party or parties to which this request is addressed, and any agents, representatives, attorneys or other persons acting or purporting to act, on its behalf.

1

**EXHIBIT "A"**

2.      The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

3.      The "Complaint" means the Complaint filed by the Insured in this action.

4.      The term "document" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, prospectuses, financial, statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and  electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

5.      The term "all documents" means every document or group of documents as above defined that are knowns to you or that can be located or discovered by reasonably diligent efforts.

6.      The term "Insurance Company" shall refer to the Defendant in this action, its affiliates, subsidiaries, predecessors, successors, agents, attorneys and/or anyone else acting in its behalf.

2

**EXHIBIT "A"**

7.      The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

8.      As used herein, the singular shall include each of the other genders.

9.      The term "and", "as well as" and "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "all" means "any and all". The terms "each" and "every" means "each and every," the term "including" means "including without limitation".

10.     The terms "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

11.     The terms "locate" or "location" means to state the present whereabouts of each document and to identify the person(s) having possession, custody or control thereof.

12.     The term "to date" shall mean the date on which you respond to this request.

13.     When producing the required documents, please keep all documents segregated by the file in which the documents are contained and indicate the name if the file in which the documents are contained and the name of the documents being produced.

14.     When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

15.     In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

**EXHIBIT "A"**

16.     The words "and" and "or" shall be constructed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

17.     If you claim that the attorney/client or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim.

18.     If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any one of these requests, then in response to the appropriate request:

(a)     furnish each such documents that is available to you without undertaking what you contend to be an unreasonable burden;

(b)     state with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome; and

(c)     describe with particularity the efforts made by you to secure such documents, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such documents, including the duration of time spent and nature of work done by each person.

19.     Unless otherwise indicated, all requests include the time period from the date of the Loss through the date you respond to this request.

20.     The term "Insured" shall refer to the Plaintiff(s), affiliates, predecessors, successors, agents, attorneys and/or anyone else acting in their behalf.

4

**EXHIBIT "A"**

## <u>LOST/DESTROYED DOCUMENT</u>

If any document to be produced was, but is no longer, in your possession, custody or control and/or has been destroyed or is otherwise incapable of production or state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; (d) if not destroyed, the reason why the document is incapable of production; and (e) the subject matter of the document.

## <u>DOCUMENTS REQUESTED</u>

1. A true and correct certified copy of the insurance policy that was active on or about September 27, 2022, ("Date of Loss"), for which this lawsuit is premised ("Loss"), including but not limited to, declaration sheet(s), all addendums and attachments.

2. Each and every timesheet, log and all other documents reflecting time spent by the Insurance Company at the Property, if applicable.

3. Each and every document, evidencing the name, addresses, and the position/relationship with the Insurance Company, of every individual who has visited or plans to visit the Property on behalf of the Insurance Company or has worked in this claim.

4. Any and all correspondence or written communications from the Insurance Company to the Insured, which in any manner pertain to the Insured's loss as described in the Complaint.

5. Any and all correspondence or written communications from the Insured, to the Insurance Company which in any manner pertains to the Insured's loss as described in the Complaint.

**EXHIBIT "A"**

6.      Any and all photographs, videos and media files taken by the Insurance Company of the Property.

7.      All documents containing information regarding a statement by the Insured at any time during the Insurance Company's handling of the Insured's loss, including adjuster notes, claim reports, interoffice memorandum, tape recordings and any transcripts or written statements from the Insured.

8.      Any and all bills or estimates for repairs to the Property submitted to the Insurance Company by the Insured.

9.      Any and all checks paid to, or on behalf of the Insured, representing insurance coverage payment(s) for the Loss.

10.     All documents reflecting Defendant's inspection(s) of the Insured Property after the loss.

11.     All documents reflecting Defendant's inspection(s) of the Insured Property before the Date of Loss, covering the preceding five (5) years.

12.     All documents reflecting Defendant's inspection(s) of the Insured Property during the Defendant's underwriting of the Insured's Policy.

13.     All documents reflecting Defendant's inspection(s) of the Insured Property during Defendant's underwriting of all insurance policies Defendant issued to the Insured for the Insured Property prior to the Date of Loss.

14.     All photographs and/or videos submitted by Plaintiff to Defendant in any way related to the loss.

15.     All photographs and/or videos submitted by Defendant to Plaintiff in any way related to the loss.

**EXHIBIT "A"**

16. All photographs and/or videos taken by Defendant in any way related to the loss.

17. All correspondence, emails and all other documents provided by Plaintiff to Defendant in any way related to the loss.

18. All correspondence, emails and all other documents provided by Defendant to Plaintiff in any way related to the loss.

19. All documents reflecting Defendant's efforts to investigate the loss.

20. All documents documenting or supporting Defendant's affirmative defenses, or that Defendant anticipates will support Defendant's reasons for denying or failing to pay the full amount of Plaintiff's loss.

21. All documents, including but not limited to estimates, reports, testing, photographs and/or videos created by Defendant, Defendant's adjusters, Defendant's loss consultants, or by any expert retained by Defendant, including but not limited to plumbers, engineers, and/or contractors in any way related to the loss.

22. All documents identified in Defendant's Answers to Plaintiff's First Set of Interrogatories.

23. A current curriculum vitae and all biographical information for all person(s) who inspected the Insured Property for or on behalf of Defendant following the loss. Which shall include any and all field adjusters.

24. All documents in any way related to the damage caused to the Insured Property from the alleged loss.

25. All documents related to the Insured Property that support how Defendant determined whether to pay Plaintiff's Claim, and/or how much of Plaintiff's Claim to pay.

7

**EXHIBIT "A"**

26.     All documents reflecting the relationship between Defendant and the adjuster (or any other person or entity) that assisted Defendant in investigating, adjusting, and/or evaluating Plaintiff's Claim.

27.     All documents that support any denials by Defendant of Plaintiff's First Request for Admissions.

28.     All reports relating to the damage to the Insured Property sustained during or as a result of the loss.

29.     All reports relating to the condition of the Insured Property before the loss.

30.     All reports relating to the condition of the Insured Property after the loss.

31.     All documents showing when Plaintiff notified Defendant of the loss.

32.     All electronic claim notes made by or on behalf of Defendant in any way relating to the loss, or to the condition of Insured Property at the time of loss.

33.     The part of Defendant's claim file that Defendant reasonably expects to rely upon at trial in this action.

34.     The part of Defendant's claim file that Defendant reasonably expects to use at trial in support of its affirmative defenses.

35.     All documents that Defendant reasonably expects to rely upon at trial in this action.

36.     All documents that Defendant reasonably expects to use at trial in support of its affirmative defenses.

37.     The part of Defendant's claim file that supports the action taken by Defendant in paying or refusing to pay Plaintiff's Claim.

38.     All documents that support the action taken by Defendant in paying or refusing to pay Plaintiff's Claim.

8

**EXHIBIT "A"**

39.     All estimates prepared by Defendant in any way related to the amount claimed by Plaintiff in this action.

40.     All estimates prepared by Defendant, its agents or independent contractors, contractors, loss consultants, or third parties, that Defendant may use to support its reason for non-payment or partial payment of Plaintiff's Claim.

41.     All documents Defendant provided to the person(s) who investigated, adjusted or otherwise evaluated Plaintiff's Claim.

42.     All documents reflecting any communication between Defendant, and any of Defendant's agents, independent adjusters, plumbers, engineers or any other person or entity retained by Defendant, in any way related to Plaintiff's Claim.

43.     All underwriting documents in any way relating to the condition of the Insured Property before the Loss.

44.     The underwriting file kept by Defendant regarding the Insured Property dating from the inception of Defendant's Policy on the Insured Premises through the present time.

45.     All insurance applications the Insured submitted to Defendant regarding the Insured's Property.

46.     All documents supporting any allegation or contention by Defendant that Plaintiff's Claim is related to damages involving a prior claim made by Insured or prior damage sustained by an Insured.

47.     All documents supporting any allegation or contention by Defendant that Plaintiff's Claim is related to damages involving a subsequent claim made by Insured or subsequent damage sustained by an Insured.

9

**EXHIBIT "A"**

48. All signed sworn proofs of loss submitted by the Insured to Defendant regarding the Loss.

49. Complete and legible copies of all building permits and all other records obtained from the county or other municipality, applicable to the Insured Property covering a five-year span prior to the loss.

50. All documents evidencing all payments made by Defendant to the Insured and/or for the Insured's benefit involving a Prior Claim made by an Insured or prior damage sustained by an Insured, involving the Insured Property.

51. All documents evidencing all payments made by Defendant to the Insured and/or for the Insured's benefit involving a Subsequent Claim made by Insured or subsequent damage sustained by an Insured, involving the Insured Property.

52. All documents evidencing all payments made by Defendant to the Insured and/or for the Insured's benefit involving the claim for the same Date of Loss alleged in the Complaint.

53. All correspondence and documents between Defendant and any third parties, excluding Defendant's attorney, in any way related to (1) the condition of the Insured Property before the loss; or (2) the damage to the Insured Property sustained during the loss.

54. All reports relating to Plaintiff's Claim or to the damages sustained to Insured Property during or as a result of the loss.

55. All documents showing or pertaining to any repairs made to the Insured Property by or on behalf of the Insured prior to the loss, including but not limited to repair invoices, estimates, canceled checks, credit card receipts, contracts for repair, receipts, certificates of completion, notices of commencement, special assessment notices, payment logs, building permits and building permit applications.

10

**EXHIBIT "A"**

56.     All documents showing or pertaining to any repairs made to the Insured Property by or on behalf of the Insured after the loss, including but not limited to repair invoices, estimates, canceled checks, credit card receipts, contracts for repair, receipts, certificates of completion, notices of commencement, special assessment notices, payment logs, building permits and building permit applications.

57.     All transcripts of any Examinations Under Oath given or provided by the Insured regarding the Loss.

58.     All transcripts of any Examinations Under Oath given or provided by anyone besides the Insured regarding the loss.

59.     All recorded statements given or provided by the Insured regarding the loss.  This request seeks a copy of the recording itself, not Defendant's transcript of the recorded statement.

60.     All recorded statements given or provided by anyone besides the Insured regarding the loss. This request seeks a copy of the recording itself, not Defendant's transcript of the recorded statement.

61.     All Coverage Letters sent by Defendant to the Insured in any way related to the loss.

62.     All transcripts of Examinations Under Oath and/or recordings of all recorded statements given by the Insured regarding any prior or subsequent claims which Defendant may use at trial in this case.

63.     Any correspondence sent by Defendant to Plaintiff after Defendant received notice of the Loss. This included letters sent to Plaintiff, their attachments, addendums or enclosures, which reference Defendant's receipt of the claim.

11

**EXHIBIT "A"**

64.     Any documents or media sent to the field adjuster by Defendant in preparation for the inspection of the Property.

65.     Any documents or media sent to any expert hired to give an opinion in this case.

66.     Curriculum vitae of any experts or third parties Defendant has hired to give an opinion in this case.

67.     The estimate or report prepared by Defendant, or a representative hired on Defendant's behalf, including but not limited to experts, which reflects Defendant's evaluation of the damage and or causation of the damage to the Property at issue.

68.     Any document which tends to prove how the damage was caused. This includes any reports prepared by any experts or repair persons sent on behalf of Defendant or hired by Plaintiff and provided to Defendant.

69.     A copy of the claim handling guidelines or procedures outlining how Defendant processes claims or requested the claim at issue.

Respectfully Submitted,

/s/ Daniel Furmanski
**Daniel Furmanski, Esq.**
Florida Bar No. 1030897

**BRETT L. SCHLACTER, ESQ.**
Florida Bar No. 98112

**SCHLACTER LAW**
1108 Kane Concourse, Suite 305
Bay Harbor Islands, Florida 33154
(305)  999 – 1111 (Telephone)
(305) 440 – 1354 (Facsimile)
E-mail: bls@schlacterlaw.com
E-mail: daniel@schlacterlaw.com
Email: marilyn@schlacterlaw.com
Email: service@schlacterlaw.com

12

**EXHIBIT "A"**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on the all

the individuals via the e-mail generated by My Florida E-Filing Portal this February 15, 2024.

BY: <u>/s/ Daniel Furmanski</u>
   **Daniel Furmanski, Esq.**

13

**EXHIBIT "A"**

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CLIVE CHRISTIAN,

                Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

                Defendant.

_____/

CIRCUIT CIVIL DIVISION

Case No:

### REQUEST FOR ADMISSIONS

THE PLAINTIFF by and through the undersigned attorney and pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, hereby requests the Defendant comply with the following definitions and instructions and admit the truth of the requests that follow them.

### REQUESTS FOR ADMISSIONS

1. Admit that, on September 27, 2022, the Insured had an insurance Policy with Defendant that was in full force for the Insured Property located at 12748 SW 50th Terrace Miami FL 33186.

2. Admit that the loss described in the Complaint is covered by the Policy.

3. Admit Defendant was promptly notified of the loss prior to the inception of this lawsuit.

4. Admit Defendant has received an estimate evidencing repairs still needed to the Property as a result of the loss described in the Complaint.

1

**EXHIBIT "A"**

5.     Admit the field adjuster who inspected the Property does not have a general contractor license.

6.     Admit the field adjuster who inspected the Property does not have an engineering license.

7.     Admit Defendant did not properly indemnify Plaintiff.

8.     Admit that Defendant insured the property in the condition the property existed at the time of the Policy's inception.

9.     Admit that Plaintiff complied with all post-loss conditions precedent to the filing of this lawsuit.

10.     Admit that Defendant is required to pay Plaintiff's attorney's fees pursuant to Florida Statute Section 627.428.

11.     Admit that Defendant assigned claim number 02143912 to the reported loss.

12.     Admit that the Plaintiff is the named insured under the insurance policy described in the Complaint.

13.     Admit that the Defendant is properly named in this lawsuit.

14.     Admit that the premises described in the Complaint are the insured premises under the insurance policy described in the Complaint.

15.     Admit that the Plaintiff made a claim against the Defendant for insurance coverage to Plaintiff's Property.

16.     Admit that Defendant did not to pay the full amount of the Plaintiff's claim as described in the Complaint.

17.     Admit that the Plaintiff has fully cooperated with the Defendant with all requests during Defendant's investigation of the Plaintiff's claim that is the subject of this action.

2

**EXHIBIT "A"**

18.     Admit that the Plaintiff has complied with all post-loss obligations as set forth in the insurance policy as requested by the Defendant.

19.     Admit that Defendant disagrees with the Plaintiff as to the amount of the alleged loss described in the Complaint.

20.     Admit that Defendant did not take a recorded statement of the Plaintiff.

21.     Admit that prior to the institution of this lawsuit, Defendant received a written demand for full payment under the Policy for the subject loss.

22.     Admit that prior to the date of the filing of this lawsuit, Defendant did not request of Plaintiff, in writing, that Plaintiff submit to an examination under oath for the alleged loss described in the Complaint.

23.     Admit that prior to the date of the filing of this lawsuit, Defendant did not request of Plaintiff, in writing, that Plaintiff send to Defendant, a signed sworn proof of loss for the alleged loss described in the Complaint.

24.     Admit that Defendant had the opportunity to investigate Plaintiff's claim.

25.     Admit that Defendant had the opportunity to inspect the Insured Property prior to issuing the insurance Policy to the Insured.

26.     Admit that prior to the date of the filing of this lawsuit, Defendant inspected the alleged damaged property described in the Complaint.

27.     Admit that Defendant inspected the Insured Property prior to the Loss.

28.     Admit that Defendant inspected the Insured Property after the Loss.

29.     Admit that Defendant drafted the Policy.

30.     Admit that Defendant's claims file notes are kept in the ordinary course of business.

**EXHIBIT "A"**

Respectfully Submitted,

/s/ Daniel Furmanski
**Daniel Furmanski, ESQ.**
Florida Bar No. 1030897

**BRETT L. SCHLACTER, ESQ.**
Florida Bar No. 98112

**SCHLACTER LAW**
1108 Kane Concourse, Suite 305
Bay Harbor Islands, Florida 33154
(305)  999 – 1111 (Telephone)
(305) 440 – 1354 (Facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on

Defendant's Attorney via E-File list-serve on February 15, 2024.

BY:    /s/ Daniel Furmanski
       **Daniel Furmanski, ESQ.**

4

<p style="text-align:center"><span style="color:red">**EXHIBIT "A"**</span></p>

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA**

CLIVE CHRISTIAN,

        Plaintiff,

                                    CIRCUIT CIVIL DIVISION

vs.

                                    Case No:

SCOTTSDALE INSURANCE
COMPANY,

        Defendant.

_____/

**PLAINTIFFS' NOTICE OF SERVING INTERROGATORIES
TO DEFENDANT**

        THE PLAINTIFF by and through the undersigned counsel, and hereby notifies this Court and

counsel of record that Plaintiff served first set of Interrogatories upon Defendant to be answered in

writing, under oath and within the time period prescribed by the Florida Rules of Civil Procedure.

        **DATED** this February 15, 2024.

                            Respectfully Submitted,

                            /s/ Daniel Furmanski
                            **Daniel Furmanski, Esq.**
                            Florida Bar No.1030897

                            **BRETT L. SCHLACTER, ESQ.**
                            Florida Bar No. 98112

                            **SCHLACTER LAW**
                            1108 Kane Concourse, Suite 305
                            Bay Harbor Islands, Florida 33154
                            (305)  999 – 1111 (Telephone)
                            (305) 440 – 1354 (Facsimile)
                            E-mail: bls@schlacterlaw.com
                            E-mail: daniel@schlacterlaw.com
                            Email: marilyn@schlacterlaw.com
                            Email: service@schlacterlaw.com

1

**EXHIBIT "A"**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on

Defendant's Attorney via E-File list-serve on February 15, 2024.

BY:   <u>/s/ Daniel Furmanski</u>
         **Daniel Furmanski, ESQ.**

2

<span style="color:red">**EXHIBIT "A"**</span>

## DEFINITIONS AND INSTRUCTIONS

1.      Insert your answers in the space provided following each question. If addition space is needed, so indicate in the space provided, prepare your answers on a separate paper, and attach the additional paper to your answers.

2.      Separately answer each interrogatory, and each subsection of each interrogatory. The term "you" and "your" means the party or parties to which this request is addressed, including its division, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

3.      The terms "Insurance Company" or "Defendant" means the defendant in this action to which these Interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on their behalf. The terms "Insurance Company" or "Defendant" also includes the party's divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and accountants as well as each partnership in which it is a partner, and included any other person, acting or purporting to act on its behalf.

4.      The terms "you" and "your" mean the party or parties to which these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

5.      The "Complaint" means the Complaint filed by the Insured in this action.

6.      The term "Claim" means any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which Plaintiff

3

<span style="color:red">**EXHIBIT "A"**</span>

demands that she and he suffered damages, or has a right to payment, as the result of any act or omission of Defendant.

7.  The terms "person" or "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

8.  The term "contract" means any promise, or set or promises, which creates an obligation to do or not to do a particular thing where there was a meeting of the minds on a given proposition and an understanding and intention between parties.

9.  The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

10. The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letter, correspondence, memoranda, meeting transcripts or minutes, public filing or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcripts, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules

4

**EXHIBIT "A"**

affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, calendars, appointments books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

11.     The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

12.     As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

13.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "all" means "any and all". The term "each" means "each and every", and the term "every" means "each and every".

14.     The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

15.     The term "locate" or "location" means to state the present whereabouts of each document and to identify the persons having possession, custody or control thereof.

16.     The term "to date" shall mean the date on which you answer these interrogatories.

**EXHIBIT "A"**

17.     The term "including" means "including but not limited to."

18.     "Relating to" or "relevant to" means embodying, pertaining to, concerning, involving, constituting, compromising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatsoever with the subject matter in question.

19.     The term "Identify", when used with referenced to a natural person, means state:

    a)  his/her full name and address (or, if the present address is not known, his/her last known address).

    b)  the full name and address of each of his/her employers, each corporation of which he/she is an officer or director and each business in which he/she is principal.

    c)  his/her present (or, of the present is known, his/her last known) position and his/her position or positions at the time of the act to which the interrogatory answer relate, and

    d)  such other information sufficient to enable Plaintiff to identify the person.

20.     "Identify", when used with reference to any entity other than a natural person, means:

    a)  state the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization.

21.     "Identify", when used with reference to a document or written communication, means state:

**EXHIBIT "A"**

a) its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

b) the identity of each signer to the document or communication;

c) the title or heading of the document or communication;

d) its substance;

e) its present (or, if the present is not known, the last known) location and custodian.

f) the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (I) respondent and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;

g) the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom transmitted.

22.    "Identify", when used with reference to an oral transaction or oral communication, means state:

a) its nature (e.g., telephone call, conversation in person, etc.)

b) the date and place thereof.

c) the identity and address of each person participating therein, present during or witness to any part thereof.

7

**EXHIBIT "A"**

    d)  Identify each document in which such transaction or communication was recorded, described or referred to.

23.    "Identify" when used with reference to a lawsuit means state:

    a)  the caption of each lawsuit;

    b)  the court in which the lawsuit was filed;

    c)  the case number;

    d)  Identify the parties, and

    e)  a brief summary of the nature of the claim or change.

24.    "Identity" when used with reference to an administrative claim or change means state:

    a)  identify the claimant or charging party;

    b)  the administrative office were filed;

    c)  the number assigned to identify the claim or charge, and

    d)  a brief summary of the nature of the claim or charge.

25.    "Identify", when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of a action etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

8

**EXHIBIT "A"**

26.     You may, in lieu of identifying any Document or written communication, attach a true copy of each Document as an exhibit to the answers to these interrogatories. On each occasion in which you chose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

27.     Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced and by the file from which the document was produced.

28.     If any of the information furnished is an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished.

29.     If the answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but, in no event less than five days prior to trial.

30.     If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

a)  set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;

b)  state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome;

9

**EXHIBIT "A"**

c)   and describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person.

31.   Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered and/or acquired by you between the date of your initial answer and any time thereafter.

32.   If you claim in response to any request for production that any requested document is "privileged" and not subject to discovery, you shall so state expressly and, in addition, shall provide a privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protested, will enable other parties to assess the applicability of the privilege or protection.

33.   If all of the information furnished is answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the affiant any part of the information furnished.

34.   To the extent precise and complete information cannot be furnished; such information as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the method employed in making the estimate shall be described.

**EXHIBIT "A"**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1.      Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

   **ANSWER:**

2.      Please state the date that the Insurance Company first received notice from the Insured for a claim of benefits under the Policy for property damages as described in the Complaint in this lawsuit.

   **ANSWER:**

3.      In reference to the Insured's demand for appraisal, if applicable please state:

   a)      The date the decision to not proceed with appraisal of the claim was made.

   b)      Identify each person who participated in the decision to not proceed with appraisal of the Insured's claim.

   c)      Describe each and every fact upon which you relied informing the basis for your decision not to proceed with appraisal of the Insured's claim.

11

**EXHIBIT "A"**

     d)     Identify each document sent by the Insurance Company to the Insured detailing the    reasons why the Insurance Company chose not to proceed to appraisal of the Insured's claim.

     e)     State the location, including, page(s), line(s) and paragraph number(s), and the exact language contained in the Policy, which you used to base your decision to not proceed with appraisal of the Insured's claim.

**ANSWER:**

4.     Identify each person, by name, address, phone number and position, whom on behalf of the Insurance Company, inspected the Insured Property in reference to the claim for benefits under the Policy, including his or her field of expertise and date(s) of said inspection(s).

**ANSWER:**

5.     Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Insurance Company by the Insured in reference to the Insured's claim for benefits under the Policy.

**ANSWER:**

12

**EXHIBIT "A"**

6.      Identify all persons (other than the Insurance Company) believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter for which each witness(es) have knowledge and state whether you have obtained any statements (oral, written or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness were taken and who has the present possession, custody and control of any such statements.

**ANSWER:**

7.      Identify all persons who, on the Insurance Company's behalf, have in any way participated in the investigation, evaluation, adjusting or handling of the claim involved hereto. Please specify the nature of the participation for each and every such person and give the time period during which they participated.

**ANSWER:**

8.      State with specificity to the page and line of any and all written guidelines you used in the claims handling process that justify the investigation and claims handling such as was conducted with regards to the claims presented by the Insured.

**ANSWER:**

13

**EXHIBIT "A"**

9.      Please describe all requests made by the Insurance Company upon the Insured (i.e., requests for examination under oath, information, documents, sworn proofs of loss, etc.,) in reference to this claim and the dates made.

**ANSWER:**

10.     With reference to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each such fact.

**ANSWER:**

11.     Please provide a full and detailed explanation for each denial or partial denial responded to in Plaintiffs Request for Admissions.

**ANSWER:**

12.     State each and every policy provision in detail upon which you are relying in connection with your decision to deny, or otherwise not make payment in full to Plaintiff(s) for the property damages incurred by Plaintiff(s) or claimed by Plaintiff(s) in this matter.

14

**EXHIBIT "A"**

**ANSWER:**

13.     Provide the name(s) and business address(es) of each and every person or persons who made the decision to deny and/or underpay the subject claim on behalf of the Defendant.

**ANSWER:**

14.     Please list the name(s) and business address(es) of the individual(s) assigned to adjust this claim before and after the subject litigation was filed.

**ANSWER:**

15.     Please state each and every year that Defendant provided insurance coverage to the Plaintiff on the subject property for the past seven (7) years and list any claims made by the Plaintiff on the subject insurance policy for the past seven (7) years.

**ANSWER:**

**EXHIBIT "A"**

16.     Does the Defendant allege that the Plaintiff did not comply with all conditions precedent for asserting a claim under the subject policy? If so, please explain in detail all facts and reasons for the Defendant's assertion that the Plaintiff did not comply with all conditions precedent for bringing this claim.

**ANSWER:**

17.     Do you contend that the Plaintiff failed to satisfy any duties and/or obligations as required under the terms of the subject insurance policy? If so, please state: (a) the specific duty or obligation with which the Plaintiff failed to comply, and (b) whether or not this alleged failure to comply prejudiced your evaluation of the insurance claim.

**ANSWER:**

18.     Describe with specificity how any alleged failure to comply with the subject policy's post loss obligations prejudiced Defendant's evaluation of the subject claim.

**ANSWER:**

16

**EXHIBIT "A"**

19.      State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video tape, or photograph, pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

20.      Please state if Plaintiff and Defendant had a valid binding policy. If so, please state the policy number and effective date of coverage.

**ANSWER:**

21.      Identify by name, address, phone number, employer title/position all persons who on your behalf:

a)  Inspected the Plaintiff's Property

b)  Evaluated the claim

17

EXHIBIT "A"

c) Prepared any reports in connection with this claim, including but not limited to comparative estimates, peer reviews, engineering reports, and estimates evaluating any and all loss to the Plaintiff's property

d) Denied coverages for the claim; and

e) Approved payment(s) made.

For each such individual, state what decisions were made by said individual and provide any reports prepared by them.

**ANSWER:**

22.     As to any and all decisions identified in answer to Interrogatory 21 above, identify with specificity all documents which were reviewed by and relied upon by said individual(s) in making said determination, identify (defined above) all persons with whom said individual(s) communicated in making said determination and state the date(s) when each such decisions were made.

**ANSWER:**

23.     Please list any and all correspondence sent by Defendant to Plaintiff, or a representative on their behalf, after receiving notice of the loss. This includes denial letters, reservation of rights letters, letters requesting a sworn proof of loss, and any letters requesting EUO of the Plaintiff.

**ANSWER:**

18

**EXHIBIT "A"**

24.     Please list any and all correspondence sent by Plaintiff, or a representative on their

behalf, to Defendant in reference to the claim at issue.

**ANSWER:**

25.     Please describe the observations of the field adjusters during his or her inspection

of the property. This interrogatory contemplates any findings which may relate to coverage of the

damage and the extent of the damage observed. If your response describes any document

(including any estimates or reports) please submit this document as part of your response.

**ANSWER:**

26.     Please state why Defendant did not properly indemnify Plaintiff's claim? Please

state the exact policy language used in making the decision for the claim and the facts supporting

your contention.

**ANSWER:**

**EXHIBIT "A"**

## **<u>VERIFICATION</u>**

IN WITNESS WHEREOF, the Insurance Company has executed the foregoing answers to interrogatories and states that same are true and correct to the best of the undersigned's knowledge and belief.

_____

By:_____

Title:_____


STATE OF FLORIDA                    }
                                                         }
COUNTY OF_____}


BEFORE ME, the undersigned authority, personally appeared_____,

who is personally known to me or who has produced _____as identification, being first duly sworn according to law, deposes and says that he executed the foregoing Answers to Plaintiff's First Set of Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office; in the County and State last aforesaid, this _____day of _____, _____.

**EXHIBIT "A"**

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CLIVE CHRISTIAN,

        Plaintiff(s),

vs.                                 Case No: 2024-002765-CA-01

SCOTTSDALE INSURANCE
COMPANY,

        Defendant(s).

_____/

## SUMMONS

STATE OF FLORIDA
To Each Sheriff of Said State:
YOU ARE HEREBY COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s):

**SCOTTSDALE INSURANCE COMPANY**
CHIEF FINANCIAL OFFICER as RA
P O BOX 6200 (32399-6200)
200 E. GAINES ST.
TALLAHASSEE, FL 32399

### IMPORTANT
**Please read Carefully**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**EXHIBIT "A"**

Plaintiff's Attorney:

Brett L. Schlacter, Esq.
Florida Bar No.: 98112
**SCHLACTER LAW**
1108 Kane Concourse, Suite 305
Bay Harbor Islands, FL 33154

Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on_____.

<u>CLERK OF THE COURTS</u>

By: _____

## <u>ADA NOTICE</u>
### Americans with Disabilities Act of 1990
**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

2

**EXHIBIT "A"**

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI DADE COUNTY, FLORIDA

CLIVE CHRISTIAN,

     Plaintiff(s),

vs.                                  Case No: 2024-002765-CA-01

SCOTTSDALE INSURANCE
COMPANY,

     Defendant(s).

_____/

### SUMMONS

STATE OF FLORIDA
To Each Sheriff of Said State:
YOU ARE HEREBY COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s):

**SCOTTSDALE INSURANCE COMPANY**
CHIEF FINANCIAL OFFICER as RA
P O BOX 6200 (32399-6200)
200 E. GAINES ST.
TALLAHASSEE, FL 32399

### IMPORTANT
**Please read Carefully**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**EXHIBIT "A"**

Plaintiff's Attorney:

<div align="center">

Brett L. Schlacter, Esq.
Florida Bar No.: 98112
**SCHLACTER LAW**
1108 Kane Concourse, Suite 305
Bay Harbor Islands, FL 33154

</div>

Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on _____2/26/2024_____.

2024-002765-CA-01

CLERK OF THE COURTS

By: _____307967_____

## ADA NOTICE
**Americans with Disabilities Act of 1990**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

<div align="center" style="color:red">

**EXHIBIT "A"**

</div>